**Darrell J. DEBREW, Plaintiff—Appellant,**

v.

**E\*TRADE SECURITIES, INC., et al., Defendants—Appellees.**

No. 02–17029.

D.C. No. CV–01–00445–FCD(PAN).

United States Court of Appeals, Ninth Circuit.

Submitted April 30, 2003.*

Decided July 11, 2003.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Darrell J. DeBrew, a federal inmate, appeals from the district court's dismissal of his pro se civil rights complaint against E\*TRADE Securities, Inc. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal de novo, *see Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.2003), and we affirm.

DeBrew's claim under 42 U.S.C. § 1981 fails because the statute prohibits discrimination in private contracts on the basis of race, and DeBrew does not allege racial discrimination. *See Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir. 1999). Because his complaint does not allege a conspiracy, let alone provide some factual specificity, it did not state a claim under 42 U.S.C. § 1985(3). *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988). DeBrew's claims under 42 U.S.C. § 2000a fail because being incarcerated is not a national origin. *See Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973). He alleges no state action and so the Fourteenth and Fifth Amendments do not apply. *See Central Hardware Co. v. NLRB*, 407 U.S. 539, 547, 92 S.Ct. 2238, 33 L.Ed.2d 122 (1972). The state claims were properly dismissed because all federal claims were eliminated before trial. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Because it is clear that DeBrew cannot cure the deficiencies of his complaint by amendment, the district court was not required to give DeBrew notice of the deficiencies. *See Karim–Panahi*, 839 F.2d at 623–24.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.